Gene **BALAVENDER**, et al., Plaintiffs,

v.

John **SHELLEY**, et al., Defendants.

No. 83 C 2365.

United States District Court,
N.D. Illinois, E.D.

July 25, 1984.

torneys' fees for prevailing Section 1983 plaintiffs, believed Balavenders would have the right to receive the $6,000 net, with their counsel then having the right to recover from defendants for their services. Balavenders' counsel deliberately remained silent on the subject during the settlement discussions.[2]

William Henry Barrett, Howard Epstein, Fox & Grove, Chicago, Ill., for plaintiffs.

William C. Barasha, Kurnik & Cipolla, Arlington Heights, Ill., Thomas A. Thanas, Nicholas E. Sakellariou, Corp. Counsel, Joliet, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This 42 U.S.C. § 1983 ("Section 1983") action was brought by Gene, Juanita and Matthew Balavender ("Balavenders") against a group of governmental defendants. On May 11, 1984 Balavenders moved for enforcement of a claimed settlement agreement resulting from discussions on April 30 and May 1 between Balavenders' counsel and the two sets of defendants' counsel. Defendants denied a settlement had been reached.

This Court conducted a May 22 evidentiary hearing, from which it developed the lawyers had at one point during their discussions talked as though the case could be settled for an aggregate $6,000 payment to Balavenders. But the difference between them, grossly oversimplified,[1] was this:

1. Balavenders' counsel, aware that 42 U.S.C. § 1988 ("Section 1988") provided at-

2. Defendants' counsel were authorized by their respective clients to offer $5,000 and $1,000, respectively, but only for a total disposition of the litigation with no further financial exposure. They had difficulty in getting from their clients even those modest offers, which represented nuisance value assessments of Balavenders' claims. They too were aware of Section 1988, and their own experience in Section 1983 action settlements had always been for a single lump sum figure including fees—with no open-ended exposure. In their discussions with Balavenders' counsel, defendants' counsel too spoke of the settlement amounts without specific reference to attorneys' fees.

After the hearing this Court decided, in an oral bench ruling, no settlement agreement had in fact been reached. It therefore denied Balavenders' motion. Now Balavenders have moved for reconsideration on the authority of *El Club Del Barrio, Inc. v. United Community Corporations, Inc.*, 735 F.2d 98 (3d Cir.1984).[3] *El Club* held under the circumstances there—a formal written consent decree between a class representative and governmental defendants, silent as to fees—plaintiffs could recover under Section 1988 absent a clear waiver of their statutory right to fees.

1. In light of the conclusion reached in this opinion, it is unnecessary to fine-tune the factual analysis any further for current purposes. In any event this Court's factual findings, made during the course of its oral bench ruling following the evidentiary hearing, remain in effect.

2. This is not said pejoratively. On the ethical considerations involved in simultaneous negotiation of disposition on the merits and of plaintiffs' attorneys' fees, see, e.g., *Prandini v. National Tea Co.*, 557 F.2d 1015 (3d Cir.1977); A. Miller, *Attorneys' Fees in Class Actions* 224 (1980); Comment, *Settlement Offers Condi-*

*tioned upon Waiver of Attorneys' Fees: Policy, Legal, and Ethical Considerations*, 131 U.Pa.L. Rev. 793, 803–06 (1983); Note, *Attorneys' Fees—Conflicts Created by the Simultaneous Negotiation and Settlement of Damages and Statutorily Authorized Attorneys' Fees in a Title VII Class Action*, 51 Temple L.Q. 799 (1978).

3. This Court had noted *El Club* when it was first reported a month ago in United States Law Week, 52 U.S.L.W. 2697–98. From the Law Week description this Court had concluded it was distinguishable from this case.

Even if *El Club* were accepted as controlling law in this Circuit—at least a questionable proposition—it would not compel reconsideration here. More than one reason calls for that conclusion, but discussion can be cut short by pointing to one dispositive factor: the inability of defendants' counsel to have bound their clients even had a settlement agreement been reached between the lawyers.

Within the past month our Court of Appeals has, in an unpublished order (not to be cited pursuant to Circuit Rule 35), reconfirmed the settled principle that lawyers can settle lawsuits only if they have actual, not implied, authority to do so on the agreed-upon terms. Both Illinois law [4] and federal law mandate that the lawyer have *express* authority to enter into the claimed settlement, failing which the client is not bound.[5] See *Estate of Fender v. Fender*, 96 Ill.App.3d 1029, 1034, 52 Ill.Dec. 426, 422 N.E.2d 107, 111 (1st Dist.1981); *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir.1979) (per curiam).

Here defendants' lawyers' authority was unquestionably bounded by the $1,000 and $5,000 figures for *total* settlement—for walking away from the lawsuit with no further financial exposure. Even one cent more required City Council approval in one instance and insurance company approval in the other. Had defendants' lawyers expressly offered $1,000 plus attorneys' fees, or $5,000 plus attorneys' fees, the offer would not have bound their respective clients under the principles stated in the preceding paragraph. And the same is of course equally true of an offer of $1,000 or $5,000 that would carry with it a client-unauthorized implied-in-law responsibility for attorneys' fees.

It is unnecessary to parse further the reasons already articulated by this Court's May 22 oral ruling for rejecting the contention there had been a binding settlement.[6] In fact defendants could not be and were not bound by the discussions between the lawyers, however characterized. Balavenders' motion to reconsider is denied.

---

**4.** Because a settlement agreement is a contract, this Court may look to local contract law to supply governing principles. *Air Line Stewards and Stewardesses Local 550 v. Trans World Airlines, Inc.*, 713 F.2d 319, 321 (7th Cir.1983).

**5.** Indeed, even the attorney's belief in the extent of that authority is irrelevant (the client's view of the authority he granted being the only concern). No such resolution of differences is required here, however, for defendants' counsel

had the same perception of the limits of their authority as did their clients.

**6.** This Court adheres to its earlier ruling—it sees no reason to repeat it. *El Club*, even if accepted arguendo as persuasive precedent in this Circuit, does not undercut a determination that no settlement agreement had *in fact* been reached in this case, as this Court found under the circumstances disclosed at the hearing.